## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE:<br>SCOTT ALLYN SIMONS,<br>　　　　　　　　　　Debtor. | **Bk. No. 20-40631** |
| NATIONWIDE JUDGMENT RECOVERY, INC.,<br>　　　　　　　　　　Plaintiff<br><br>　vs.<br><br>SCOTT ALLYN SIMONS<br>aka ZEEKREWARDS,<br>　　　　　　　　　　Defendant. | **CHAPTER 7**<br><br>**Adv. No.**<br><br>**COMPLAINT TO DETERMINE<br>DISCHARGEABILITY OF DEBT** |

COMES NOW, Nationwide Judgment Recovery, Inc. ("Nationwide"), the Plaintiff and a creditor in the above styled action, by and through counsel, and pursuant to 11 U.S.C. § 523(a)(19), files this Complaint to Determine Dischargeability of Debt against Defendant Scott Allyn Simons aka ZEEKREWARDS ("Debtor" or "Defendant") and shows this Court as follows:

### Jurisdiction

1.　　This adversary proceeding is brought in connection with the Defendant's case under Chapter 7, Title 11, Bankruptcy Case Number 20-40631 now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157. This is a core proceeding.

2.　　In accordance with Fed. R. Bankr. P. 7008, Nationwide consents to the entry of final orders and judgments by this Court. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

3.　　Nationwide is a creditor of the Debtor.

## Overview

4. The relief requested herein arises out of a Final Judgment entered on August 14, 2017 in *Bell v. Disner*, Case 3:14-cv-00091-GCM (W.D.N.C. 2014), referred to herein as the "Judgment." A true and correct copy of the Judgment is attached hereto as Exhibit "A" and is incorporated herein by reference.

5. Pursuant to the terms of the Final Judgment, post-judgment interest shall accrue at the rate specified under 28 U.S.C. 1961 from the date of entry until the judgment is paid in full.

6. The current balance of the Judgment is $197,145.32, which includes interest from the judgment date to the date the Debtor filed his bankruptcy petition.

## Procedural Background of Judgment

7. On August 17, 2012, the Securities and Exchange Commission filed an action titled *Securities and Exchange Commission v. Rex Venture Group, LLC d/b/a ZeekRewards.com and Paul Burks*, Civil Action No. 3:12-cv-519 (the "SEC Action"), to shut down a Ponzi and pyramid scheme operated by Rex Venture Group, LLC d/b/a www.ZeekRewards.com ("RVG") from at least January 2011 until August 2012 in which more than 700,000 participants lost over $700 million dollars.

8. As a result of the SEC Action and ZeekRewards' violation of federal securities law, on August 17, 2012, the Court appointed Kenneth D. Bell as Receiver of the estate of Rex Venture Group, LLC, d/b/a www.ZeekRewards.com, and authorized him to initiate legal proceedings seeking the avoidance of fraudulent transfers, disgorgement of profits, and any other legal and equitable relief that the Receiver deems necessary to recover RVG's assets for the benefit of the Receivership estate. Matthew E. Orso succeeded Kenneth D. Bell as the Receiver.

9. The Debtor herein was a Net Winner Class Member in the Ponzi and pyramid scheme operated by Rex Venture Group, LLC d/b/a www.ZeekRewards.com.

10. ZeekRewards' net winners "won" money from the victims of the Ponzi scheme in violation of federal securities law and as a result, they must return the fraudulently transferred winnings to the Receiver for distribution to Zeek's victims.

11. As a Net Winner Class Member, Debtor received thousands of dollars from his participation in the ZeekRewards Ponzi scheme. A true and correct copy of the statement showing the Debtor's payments into the Ponzi scheme (totaling $2,846.20) and his net winnings ($142,194.29) are attached hereto as Exhibit "B" and is incorporated herein by reference.

12. As a result of the SEC Action, the Receiver filed a clawback action under *Bell v. Disner*, Case 3:14-cv-00091-GCM (W.D.N.C. 2014) to recapture the money paid to the scheme's winners so that it can be returned to the victims. The Complaint asserts claims for violation of the North Carolina Uniform Fraudulent Transfer Act, Common Law Fraudulent Transfer and Construction Trust as a result of the Ponzi scheme.

13. On June 30, 2016, the Receiver moved for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class.

14. On November 29, 2016, the Court granted the Receiver's Motion for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class. A true and correct copy of the Order is attached hereto as Exhibit "C."

15. In the Order granting the Receiver's Motion for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class, the Court found that the Defendants violated N.C. Gen. Stat. § 39-23.4(a)(1), the North Carolina Uniform Fraudulent Transfer Act. The NCUFTA permits a receiver to avoid a transfer made "with

the intent to hinder, delay, or defraud any creditor of the debtor" within four years after the transfer was made. Many courts have held that the intent to defraud can be presumed when transfers are in furtherance of a Ponzi scheme. The "Ponzi scheme presumption" has been long settled in a number of jurisdictions and under an analogous section of the Bankruptcy Code.

16.    In the Order granting the Receiver's Motion for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class, the Court found that ZeekRewards operated as a Ponzi scheme in violation of federal securities law and that the transfers in furtherance of the Ponzi scheme were violations of N.C. Gen. Stat. § 39-23.4(a)(1), the North Carolina Uniform Fraudulent Transfer Act.

17.    On June 27, 2017 the Receiver filed a Motion to Enter Final Judgments Against Net Winner Class Members, which was granted by the Court on August 14, 2017.

18.    Attached hereto as Exhibit "D" is a copy of the Final Judgment entered on August 14, 2017, along with page 81 of docket #179 in the index of Judgments and Amounts.  *See* number 5396 for the specific judgment against the Defendant.

19.    On December 17, 2019, Nationwide Judgment Recovery, Inc. was assigned the full portfolio of judgments obtained against more than 6,700 Net Winners who participated in and profited from ZeekRewards.  Attached hereto as Exhibit "E" is a copy of the Assignment of Judgment.

### COUNT 1:  Relief Under 11 U.S.C. § 523(a)(19)

20.    Nationwide incorporates paragraphs 1 – 19 herein.

21.    11 U.S.C. § 523(a)(19) provides that a Chapter 7 discharge does not discharge a debt that is

(A) is for—

(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from—
(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
(ii) any settlement agreement entered into by the debtor; or
(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

22. Thus, 11 U.S.C. § 523(a)(19) precludes dischargeability of a debt if two conditions are met. It must be proven that (1) the debt is for the violation of securities law OR for common law fraud, deceit or manipulation in connection with the purchase or sale of any security, AND (2) the debt must be memorialized in a judicial or administrative order or settlement agreement.

23. As part of his active participation in the ZeekRewards Ponzi scheme, the Defendant received a number of fraudulent transfers that resulted in net winnings of $142,194.29 and being designated as a member of the Net Winner Class.

24. The Order Granting the Receiver's Motion for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class, attached hereto as Exhibit "C," found the transfers that occurred as a result of the scheme were fraudulent.

25. The SEC Action that shut down the ZeekRewards Ponzi scheme as violation of federal securities law resulted in the clawback action initiated by the Receiver to recover the fraudulent transfers made as a result of the Net Winners' participation in the scheme.

26. The SEC Action, which gave the Receiver the authority to file the clawback lawsuit, is based upon violations by RVG of federal securities statutes. The District Court had jurisdiction over the clawback lawsuit because it was directly related to the SEC Action.

27. The Final Judgment against the Defendant Debtor, entered in *Bell v. Disner* on August 14, 2017 and attached hereto as Exhibit "A," is a debt owed by the Defendant Debtor for the fraudulent transfers he received as a result of his participation in the ZeekRewards Ponzi scheme.

28. Nationwide is entitled to a judgment against the Debtor pursuant to 11 U.S.C. § 523(a)(19) finding the Final Judgment to be non-dischargeable and authorizing Nationwide to pursue collection of same.

29. In the instant case, it is clear that the judgment held by Nationwide Judgment Recovery, Inc. was a result of the Defendant's fraudulent conduct by his active and knowing participation in a Ponzi scheme that violated federal securities law and precipitated Defendant's bankruptcy filing.

30. Further, the Defendant's son, Anthony Allyn Simons, alleges that Defendant Debtor herein used the son's name to create a second ZeekRewards account that was operated exclusively by Defendant Debtor. This second account allowed Defendant Debtor to make further payments to the Ponzi scheme and to receive additional fraudulent transfers, which resulted in a Judgment being entered against the son, Anthony Allyn Simons, in the amount of $203,703.78. *See* Adversary Proceeding No. 20-04144 relating to Bankr. 20-42024.

31. The Defendant cannot re-litigate the amounts of the judgment in bankruptcy court. Prior to the entry of the final judgments in *Bell v. Disner*, there was a dispute period that allowed participants to adjust their balances, object to the settlement and judgments, and negotiate

settlements with the Receiver. While he could have challenged the proposed amounts of the judgment at that time, Defendant chose to remain silent.

    32.    It is evident in this matter that both requirements of 11 U.S.C. § 523(a)(19) have been met. The Judgment the Defendant Debtor is attempting to discharge through his bankruptcy clearly resulted from the violation of federal securities law and common law fraud, deceit or manipulation in connection with the purchase or sale of any security. Moreover, this debt is memorialized in the Final Judgment issued against the Debtor in *Bell v. Disner*, attached hereto as Exhibit "A." Therefore, the Judgment should be excepted from discharge.

WHEREFORE, Nationwide Judgment Recovery, Inc. prays as follows:

(a)    That the Defendant's Judgment be determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(19); and

(b)    For any other such relief as the Court may deem appropriate.

Respectfully submitted,
Attorney for Plaintiff

Dated: 3/31/2021

By: */s/ Jonathon D. Nelson*
Jonathon D. Nelson, Bar #0399359
Gurstel Law Firm, P.C.
6681 Country Club Drive
Golden Valley, MN 55427
Telephone: (763) 267-6700
Facsimile: (763) 267-6777
Email: j.nelson@gurstel.com