UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
|  | Bankruptcy No. | Chapter 7<br>20-40631 |
|  | Adversary. No. | 21-04027 |

In Re:

Scott Allyn Simons,
         Debtor,

Nationwide Judgment Recovery, Inc.,

         Plaintiff,

vs.

Scott Allyn Simons,

         Defendant.

**NOTICE OF HEARING AND MOTION FOR SUMMARY JUDGMENT BY SCOTT ALLYN SIMONS**

1. Scott Allyn Simons, by and through his undersigned counsel, moves the Court for relief requested below, and gives notice of this hearing.

2. The court will hold a hearing on this motion at 9:00 a.m. on Tuesday, August 10, 2021, before the Honorable Kathleen H. Sandberg, United States Bankruptcy Judge, at the United States Courthouse, Courtroom 8 West, 300 South Fourth Street, Minneapolis, Minnesota 55415.  Due to the Covid-19 pandemic together with relevant Administrative Orders of Chief United States District Court Judge John R. Tunheim, it is anticipated that this hearing will be conducted telephonically but it may be held in person and any interested parties are encouraged to contact Judge Sandberg's Calendar Clerk, Lynn

1

       Hennen, at 612-664-5280 prior to the hearing to find out if the hearing will be held telephonically or in person.

3. Any response to this motion must be filed and served not later than Tuesday, July 27, 2021, which is fourteen days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This motion arises under Fed. R. Bankr. P. 7056. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9006-1, 9013-1 through 9013-3. Scott Allyn Simons hereby moves for summary judgment in his favor.

5. The petition commencing this Chapter 7 case was filed on March 3, 2020 and the case is now pending in this court. The court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334 and 157(a), Fed. R. Bankr. P. 7056. This proceeding is a core proceeding.

6. For the reasons set forth in the accompanying Memorandum in Support of Motion for Summary Judgment, Scott Allyn Simons submits that there are no genuine issues of material fact in dispute between the parties and that Scott Allyn Simons is entitled to judgment as a matter of law.

| | |
|---|---|
| Dated: July 12, 2021 | /e/ Nathan M. Hansen |
| | Nathan M. Hansen |
| | Attorney for Defendant Scott Allyn Simons |
| | 2440 North Charles Street, Suite 242 |
| | North St. Paul, MN 55109 |
| | 651-704-9600 |
| | 651-704-9604 (fax) |
| | MN Attorney Reg. No. 0328017 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
|  | Bankruptcy No. | Chapter 7<br>20-40631 |
|  | Adversary. No. | 21-04027 |

In Re:

Scott Allyn Simons,
               Debtor,

Nationwide Judgment Recovery, Inc.,

               Plaintiff,

vs.

Scott Allyn Simons,

               Defendant.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I.    Introduction

The plaintiffs are asking the Court to except their asserted debt from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and plaintiff's Count II: 11 U.S.C. § 523(a)(2)(B). The plaintiffs fail to plead a claim upon which relief can be granted and therefore there is no genuine issue of material fact in dispute between the parties. Therefore, this adversary complaint should be dismissed with prejudice.

II.    Summary Judgment Standard

"Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." In re Patch, 526 F.3d 1176, 1180 (8th Cir. 2008), citing Fed. R. Civ. P. 56(c), Celotex v. Catrett, 477 U.S. 317, 322-

23, 106 S.Ct 2548, 91 L.Ed.2d 265 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Patch, 526 F.3d at 1180, citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct 1348, 89 L.Ed.2d 538 (1986).

While the record must be viewed "in the light most favorable to the nonmoving party and…that party [afforded] all reasonable inferences, Matsushita at 587, 106 S.Ct. 1348, 89 L.Ed.2d 538, the nonmoving party's production of a mere 'scintilla of evidence' in support of his position is insufficient to avoid summary judgment." Patch, 526 F.3d at 1180, citing , 526 F.3d at 1180, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 106 S.Ct 2505, 91 L.Ed.2d 202 (1986); Matsushita, 475 U.S. at 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (stating that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to material facts"). Assuming everything in the plaintiffs' complaint is true, these allegations do not constitute claims under the statutes cited by the plaintiff.

III.   Plaintiff's Count I: 11 U.S.C. § 523(a)(19)

The plaintiff's claim alleges that the debt it is suing about results from a securities enforcement action against the defendant. The text of 11 U.S.C. § 523(a)(19) is:

"A discharge under section 727, 1141, 1192  1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

  **(A)…** for—
   **(i)** the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

2

**(ii)**

common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

**(B)** results, before, on, or after the date on which the petition was filed, from—

**(i)**

any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

**(ii)**

any settlement agreement entered into by the debtor; or

**(iii)**

any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor."

The plaintiff does not plead that: 1) The defendant individually was the subject of any state or federal securities enforcement action or that 2) the defendant purchased or sold any securities.  Rather, the claim of the plaintiff is that "Defendant…violated N.C. Gen. Stat. § 39-23.4(a)(1), the North Carolina Uniform Fraudulent Transfer Act."  This claim of the plaintiff should have been brought under 11 U.S.C. § 523 (a)(2), (4), or (6).  The filing deadline for such a claim in this case was June 1, 2020.  This case was filed on March 31, 2021.  Therefore, according to the law of this case, this claim is time-barred.  There is no evidence that the defendant was engaged in buying or selling securities.  Instead, the undisputed evidence is that the defendant has a judgment in from a civil case in North Carolina for fraudulent transfers of money, not securities.  Exhibit C to the plaintiff's complaint, the order for judgment in the North Carolina case only discusses transfers of money by people in the instant defendant's class, not securities.

IV. <u>Conclusion</u>

Based upon these arguments, the plaintiff's claim should be dismissed with prejudice.

Respectfully submitted,

| | |
|---|---|
| Dated: <u>July 12, 2021</u> | /e/ Nathan M. Hansen |
| | Nathan M. Hansen |
| | Attorney for Defendant Scott Allyn Simons |
| | 2440 North Charles Street, Suite 242 |
| | North St. Paul, MN 55109 |
| | 651-704-9600 |
| | 651-704-9604 (fax) |
| | MN Attorney Reg. No. 0328017 |
| | Nathan@hansenlawoffice.com |

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bankruptcy No. | Chapter 7<br>20-40631 |
| Adversary. No. | 21-04027 |

In Re:

Scott Allyn Simons,
         Debtor,

Nationwide Judgment Recovery, Inc.,

         Plaintiff,

vs.

Scott Allyn Simons,

         Defendant.

**ORDER**

The above-captioned matter came on for a motion for summary judgment by the plaintiff before the Court.

Upon the arguments of counsel and upon all the files, records and proceedings herein, the Court makes the following:

**FINDINGS OF FACT**

1. Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 3, 2020.

2. The plaintiff holds a judgment by assignment of a money judgment from the U.S. District Court for the Western District of North Carolina against the defendant for violation of the North Carolina Uniform Fraudulent Transfer Act.

1

3. The plaintiff seeks exception to discharge of money it claims it is owed from the defendant under 11 U.S.C. § 523 (a)(19) of the bankruptcy code, which outlines the elements of the remedy for exception to debts related to federal or state securities law violations against individual debtors.

4. The deadline for filing claims under 11 U.S.C. § 523 (a)(2), (4), or (6) was June 1, 2020.

## CONCLUSIONS OF LAW

1. The plaintiff's claim, if any, sounded in fraudulent conveyance or fraudulent transfer and should have been brought under 11 U.S.C. § 523 (a)(2), (4), or (6), not 11 U.S.C. § 523 (a)(19).

2. The deadline for filing claims under 11 U.S.C. § 523 (a)(2), (4), or (6) was June 1, 2020.  The plaintiff's claim is therefore time-barred according to the law of this case.

3. There is no genuine issue of material fact in dispute between the parties and the defendant is therefore entitled to relief in the form of summary judgment pursuant to Fed. R. Civ. P. 56 as incorporated by Fed. R. Bky. P. 7056.

IT IS ORDERED:

Plaintiffs' claims are dismissed with prejudice in their entirety.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: _____          _____
                                                                Kathleen H. Sanberg

United States Bankruptcy Judge

3